UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WACKER CHEMICAL CORPORATION,

       Plaintiff,

vs.                                                        Case No. 05-72207
                                                          Honorable Victoria A. Roberts

STAUFFER CHEMICAL COMPANY,
STAUFFER MANAGEMENT COMPANY,
BAYER CROPSCIENCE LP,
ASTRAZENECA, LP, and
ICI NORTH AMERICAN, INC.,

       Defendants.

_____

## ORDER DENYING PLAINTIFF'S MOTION FOR REMAND

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Remand. For the following reasons, the Court **DENIES** Plaintiff's Motion.

**II.    BACKGROUND**

This is an action for indemnity and/or contribution for costs in response to environmental contamination. The Plaintiff, Wacker Chemical Corporation, a Wisconsin corporation, filed the action on May 3, 2005, in Lenawee County Circuit Court. The Defendants are: (1) Stauffer Chemical Company (hereinafter "SCC"), a Delaware corporation; (2) Stauffer Management Company (hereinafter "SMC"), a Delaware

1

corporation; (3) Bayer Cropscience, LP, a Delaware corporation; (4) AstraZeneca, LP, a Delaware corporation; and (5) ICI North American, Inc. (hereinafter "ICI"), a Delaware corporation.  The Plaintiff claims it will dismiss Defendant Bayer Cropscience, LP in favor of Bayer Cropscience, Inc. (hereinafter "Bayer"), a New York corporation that it originally intended to name.

The Plaintiff paid and will continue to pay response costs for environmental contamination at a silicone manufacturing site in Adrian, Michigan.  The contamination was caused by release of chlorinated solvents.  The Plaintiff alleges SCC owned and operated the site for a majority of the years during which the contamination occurred.  According to Plaintiff, because SCC was directly responsible for the contamination, it is primarily responsible for the costs the Plaintiff has and will incur.

The Plaintiff alleges Defendants AstraZeneca and ICI are proper parties because they are corporate successors to and may have retained all or part of SCC's liabilities.  Additionally, the Plaintiff asserts it has a claim for equitable subrogation against SMC, making it a proper party.  The Plaintiff maintains SMC contractually indemnified SCC for liabilities arising out of former SCC sites.  The Plaintiff contends that since it paid the costs associated with the contamination of the former Adrian SCC site, it has a claim against SMC under the doctrine of equitable subrogation.  Bayer is the corporate successor by merger to SCC.  SCC no longer exists.

The action was removed on June 3, 2005.  The Defendants claim there is diversity jurisdiction because the only proper party is Bayer; the Defendants contend the other Defendants were fraudulently joined to avoid federal jurisdiction.

2

**III.   APPLICABLE LAW AND ANALYSIS**

The Plaintiff disputes the basis for Defendants' removal of this action: diversity subject matter jurisdiction. "In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time the case is commenced and at the time that the notice of removal is filed." *Jerome-Duncan, Inc., v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999). The Plaintiff claims the non-diverse parties are properly joined and, therefore, this Court does not have jurisdiction. Conversely, the Defendants claim that the only proper Defendant is Bayer, establishing diversity jurisdiction. The other Defendants claim they were fraudulently joined by Plaintiff to avoid federal jurisdiction. The Defendants bear the burden of demonstrating fraudulent joinder. *Alexander v. Electronic Data Systems, Corp.*, 13 F.3d 940, 948-949 (6th Cir. 1994).

"There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law...one or the other at least would be required before it could be said that there was not real intention (sic) to get a joint judgment and that there was no colorable ground for so claiming." *Id.* (citation omitted).

**A.   Equitable Subrogation Claim Against SMC**

The Plaintiff cannot maintain a claim for equitable subrogation against SMC under Michigan law. The Plaintiff wants to use the doctrine of equitable subrogation to maintain a cause of action against an indemnitor, SMC, of a former business partner, SCC, for a liability it paid in relation to environmental contamination of the silicone manufacturing facility formerly jointly operated with SCC. The Plaintiff has no legal

connection to the indemnitor.

"Equitable subrogation is a legal fiction through which a person who pays a debt for which another is primarily responsible is substituted or subrogated to all the rights and remedies of the other. It is well-established that the subrogee acquires no greater rights than those possessed by the subrogor, and that the subrogee may not be a 'mere volunteer." *Hartford Accident & Indemnity Co., v. Used Car Factory*, 461 Mich. 210, 215 (1999). Put another way, "one who, in order to protect a security held by him, is compelled to pay a debt for which another is primarily liable, is entitled to be substituted in the place of and to be vested with the rights of the person to whom such payment is made, without agreement to that effect." *Citizens Ins. Co. v. Buck*, 216 Mich.App. 217, 226 (Mich.App. 1996). In addition, the party seeking equitable subrogation must not have an available legal remedy. *Hartford Accident & Indemnity Co.*, 461 Mich. at 216.

The Plaintiff admits it has a direct legal remedy against Bayer. [Plaintiff's Motion to Remand, pp. 1-2; Plaintiff's Reply, p. 2]. The Plaintiff argues that it could still assert a claim for equitable subrogation against SMC despite its direct claim against Bayer because it does not have any direct claims against SMC. This is flawed. To maintain a claim for equitable subrogation, the party seeking such relief cannot have any legal remedy for the <u>harm</u> complained of, not in regard to a specific party. *See Beaty v. Hertzberg & Golden, P.C.*, 456 Mich. 247, 256-257 (1997). In this case, the Plaintiff admittedly has a direct legal remedy against Bayer, as successor corporation of SCC, for the costs incurred by the contamination. Therefore, the Plaintiff has a direct legal remedy for the harm alleged and is precluded from seeking equitable subrogation against SMC.

4

**B.     ICI and AstraZeneca**

The Plaintiff claims, "based on information and belief, Defendants, AstraZeneca, LP and/or ICI North America, Inc. are the corporate successors to all or part of SCC's liabilities at the Adrian site." [Plaintiff's Motion to Remand, p. 11].  The Plaintiff states that it relied on a 1997 Department of Energy Order granting a refund of crude oil overcharges to SCC in naming ICI as a Defendant. [Plaintiff's Motion to Remand, Exhibit 10].  The Order contains an allegation that ICI purchased SCC's capital stock in July 1987 from Chesebrough-Ponds and sold it later in 1987.  Additionally, the Plaintiff relied on the corporate history time line for an unrelated company, Syngenta International AG, provided on its website.  The history claims that ICI acquired SCC in 1987.  Lastly, the Plaintiff points to a February 2005 California Environmental Protection Agency Site Investigation Order that alleges in 1987 various corporate affiliates of ICI purchased SCC and one of the affiliates retained a portion of SCC and merged into ICI. [Plaintiff's Motion to Remand, Exhibit 11].

In naming AstraZeneca, the Plaintiff again relied on the Syngenta International AG website time line that ICI owned SCC in 1987.  In 1993, Zeneca, Inc. was demerged from ICI.  In 1999, Zeneca, Inc. merged with Astra to become AstraZeneca.  The Plaintiff supports its allegation that Zeneca, Inc. retained ownership of SCC when it demerged by noting that in AstraZeneca's Annual Report for 2003 it stated, "the AstraZeneca affiliate, [SMC], which was established in 1987 to own and manage certain assets of [SCC] acquired that year, and or its indemnitees, have been named as [primarily responsible parties] or defendants at approximately 29 sites where SMC is likely to incur future investigation, remediation or operation and maintenance costs

5

under federal or state, statutory or common law environmental liability allocation schemes." [Plaintiff's Motion to Remand, Exhibit 6].

The Defendants claim AstraZeneca and ICI are not corporate successors to SCC. [Defendants' Response, p. 16].  The Defendant provides a detailed list of SCC's corporate succession, supported by Certificates of Amendment of Incorporation, Certificates of Ownership and Merger, etc. [Defendants' Response, Exhibits D, G-N]. The succession history begins on July 14, 1987.  It does not include any reference to ICI or AstraZeneca.  Additionally, the Defendants attached an affidavit made in a prior case from the Assistant General Counsel of ICI Americas, Inc. claiming that "[p]rior to being renamed Zeneca, Inc., the former ICI Americas, Inc., a Delaware corporation, was a wholly owned subsidiary of ICI American Holdings Inc., but did not merge with the original Stauffer or its corporate successors." [Defendants' Response, Exhibit R].  The Defendants claim the corporate documents show that a company besides ICI owned SCC when Zeneca, Inc. demerged in 1993.

Based on the evidence presented, the Defendants have successfully demonstrated fraudulent joinder as defined *supra*.  The Plaintiff relies on various non-authoritative documents to support its allegations that at some time ICI and AstraZeneca or their predecessors owned at least some part of SCC or its predecessors and they have retained liability of some sort.  The allegations are unsupported and vague.  Defendants present several public filings and affidavits in support of their contention that ICI and AstraZeneca are not corporate successors or retain liability for SCC.

The only remaining Defendant is Bayer Cropscience LP, which Plaintiff

acknowledges it will dismiss in favor of Bayer Cropscience, Inc. [Plaintiff's Motion to Remand, p. 2]. Because Bayer is a New York corporation with a principal place of business in North Carolina, it is diverse from the Plaintiff. Therefore, this court has diversity subject matter jurisdiction pursuant to 28 USC § 1332.

### IV.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

s/Victoria A. Roberts
**Victoria A. Roberts**
**United States District Judge**

**Dated:  October 21, 2005**

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 21, 2005.
>
> s/Linda Vertriest
> **Deputy Clerk**